**The PEOPLE of the State of Colorado, Complainant,**

v.

**Richard L. GOTTSEGEN, Attorney-Respondent.**

**No. 80SA460.**

Supreme Court of Colorado, En Banc.

Feb. 23, 1981.

---

Jennifer K. Brown, Sp. Disciplinary Pros., Denver, for complainant.

No appearance for attorney-respondent.

ROVIRA, Justice.

Mr. Gottsegen, you stand before the Supreme Court of Colorado to be publicly censured for violating your oath as an attorney.

You were the subject of proceedings before the Grievance Committee of this court based upon a formal complaint which charged that your conduct as an attorney created cause for discipline pursuant to Rule 241 C.R.C.P. Those proceedings resulted in a recommendation that you receive a public censure. After reviewing the record, we conclude that cause for discipline has been established and a public censure is the appropriate discipline.

In the formal complaint you were charged with violating Rule 241(B), C.R.C.P., and the Code of Professional Responsibility, DR 1–102(A)(5), DR 6–101(A)(3), and DR 7–101(A)(2) and (3), by reason of the following acts: (1) neglecting a legal matter entrusted to you; (2) failing to carry out a contract of employment entered into with a client for professional services; (3) causing damage or prejudice to a client during the course of your professional relationship; and (4) engaging in conduct that was prejudicial to the administration of justice.

The findings of fact of the Grievance Committee were based on a stipulation which you entered into with the Disciplinary Prosecutor, and we briefly summarize them for the purpose of this opinion.

You were licensed to practice law in Colorado in 1975. In June 1979 you were retained by Lee Houchin, a minor, to represent him in connection with a traffic offense. As a result of your failure to appear on behalf of Mr. Houchin as you had agreed to do, a bench warrant was issued for his arrest. He was arrested at his home and taken to the El Paso County Jail where he remained for several hours until bond was posted for his release. Subsequently, you met with your client and his parents, and there was another period of delay before you refunded the retainer fee you had received and turned the file over to your client.

In December 1978 you were retained by Dwayne Loftis to institute a divorce proceeding. In due course, interrogatories and a Request for Production of Documents were served on you by the attorney for Mrs. Loftis. You failed to inform your client of these requests until two days prior to the expiration of the time for answering and responding, and your client was forced to answer in an incomplete manner. Even though the discovery request was served upon you on April 6, 1979, only after Mrs. Loftis' counsel filed a Motion to Compel did you produce the answers and documents on June 20, 1979.

The documents you provided were incomplete; and even though you promised opposing counsel that you would provide him with all documents requested, it required still another Motion to Compel in order for you to act. As a result of your failure to comply with discovery procedures, your client was ordered to pay $110 to opposing counsel for attorney fees, which you later repaid him.

You admitted in the Stipulation that your conduct violated Rule 241(B), C.R.C.P., and DR 1–102(A)(5), DR 6–101(A)(3), and DR 7–101(A)(2) and (3).

DR 1–102(A)(5) provides that "A lawyer shall not ... engage in conduct that is prejudicial to the administration of justice." DR 6–101(A)(3) states that "A lawyer shall not ... neglect a legal matter entrusted to him." DR 7–101(A)(2) and (3) provide, in part, that "A lawyer shall not intentionally ... (2) fail to carry out a contract of employment entered into with a client for professional services ...; (3). prejudice or damage his client during the course of the professional relationship ...."

We agree with you and the Grievance Committee that your conduct violated the accepted rules and standards of legal ethics.

The record reflects a recognition by you of the seriousness of your acts and an effort to revise your office procedures so that such conduct will not be repeated. We also note that it is your intention to refrain from the practice of law for a period of time, during which you intend to evaluate your further participation in the practice of law.

After considering all the factors involved in establishing appropriate discipline, it is our view that you should be and here are publicly censured. You are assessed the cost of these proceedings in the amount of $290.20, which shall be paid to the clerk of this court within thirty days.